Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CECIL CELIA ASTUDILLO and,
BERNABE ASTUDILLO,

                    Plaintiffs,

-against-

FUSION JUICE BAR INC.; FUSION BAR 3 INC.;
and FLORENTINO ORTEGA, individually,

                    Defendants.

Case No.:   19 CV 2590

**COMPLAINT**

ECF Case

---

Plaintiffs, Cecil Celia Astudillo and Bernabe Astudillo ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Fusion Juice Bar Inc., or any other business entity doing business as "Fusion Juice Bar", located at 30-93 38th Street, Astoria, NY 11103; Fusion Bar 3 Inc., or any other business entity doing business as "Fusion Juice Bar", located at 34-02 36th Avenue, Astoria, NY 11106; and Florentino Ortega, individually, (corporate defendants, collectively, "Fusion Juice Bar"; all defendants, collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.    Plaintiffs, Cecil Celia Astudillo and Bernabe Astudillo, allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.*

("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs, Cecil Celia Astudillo and Bernabe Astudillo, further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiffs are adult residents of Queens County, New York.

6.      Defendant, Fusion Juice Bar Inc., is a business corporation organized and existing under the laws of the State of New York, with a principal place of business at 30-93 38th Street, Astoria, New York 11103.

2

7.      Defendant, Fusion Bar 3 Inc., is a business corporation, doing business in the State of New York, with a principal place of business at 34-02 36th Avenue, Astoria, New York 11106.

8.      Upon information and belief, Defendant, Florentino Ortega, is the owner, general manager, officer, director and/or managing agent of Fusion Juice Bar, whose address is unknown at this time and who participated in the day-to-day operations of of Fusion Juice Bar, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with of Fusion Juice Bar.

9.      The individual defendant, Florentino Ortega, exercised control over the terms and conditions of plaintiffs' employment, in that had the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) determine work schedules; (iv) supervise and control the work of the employees; and (v) otherwise affect the quality of Plaintiffs' employment.

10.     Plaintiff, Cecil Celia Astudillo, was employed by Defendants in Queens County, New York, at a pair of healthy fast food juice bars known as "Fusion Juice Bar", located at 30-93 38th Street and 34-02 36th Avenue, in Astoria, New York, during the period February 2018 through March 3, 2019.

11.     Plaintiff, Bernabe Astudillo, was employed by Defendants in Queens County, New York, at a healthy fast food juice bar known as "Fusion Juice Bar", located at 30-93 38th Street, in Astoria, New York, during the period February 2016 through December 2018.

12.     Defendant, Fusion Juice Bar, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) had and has employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) had and has an annual gross volume of sales of at least $500,000.

13.     At all relevant times, the defendants were and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

14.     At all relevant times, the work performed by Plaintiffs was directly essential to the business operations of the corporate defendants.

15.     Although Fusion Juice Bar Inc and Fusion Bar 3 Inc. are separate corporations or business entities, each engage in related activities, namely, operating a juice bar in Queens County, with multiple locations. The corporations shared plaintiffs and other similarly situated employees, and acted in the interest of each other with respect to employees.

16.     Plaintiffs' wages were paid in cash.

17.     Defendant, Florentino Ortega, creates and implements crucial business policies, including concerning the number of hours the employees are required to work; the amount of pay that the employees are entitled to receive; the work duties and requirements on a day-to-day basis; and the method and manner by which the employees are to be paid, at the corporate defendants.

4

18.     The defendant corporations provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise and/or joint employer.

19.     The corporate defendants share a common commercial business purpose, namely, operating juice bars in Queens County.

20.     Upon information and belief, an arrangement existed between the corporate defendants whereby both entities agreed to share the services of Plaintiffs and other similarly situated employees.

21.     Upon information and belief, the corporate defendants, shared control of Plaintiffs.

22.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, in contravention of the FLSA and New York Labor Law.

23.     At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages and minimum wages in contravention of the FLSA and New York Labor Law.

24.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

25.     At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

26.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

27.     In or around February 3, 2018, Plaintiff, Cecil Celia Astudillo, was hired by Defendants to work as a counterperson and cashier.

28.     Plaintiff Cecil Celia Astudillo was continuously employed by Defendants between February 2018, through March 3, 2019.

29.     Plaintiff Cecil Celia Astudillo's regular schedule was Mondays through Fridays, 7:00 a.m. through 4:00 p.m. Plaintiff worked approximately forty-five (45) hours per week.

30.     During her employment, Plaintiff was paid $400.00 per week, an hourly wage of $10.00 per hour for forty (40) hours, with no compensation for her overtime hours; She was paid weekly, by cash, without a wage statement or other receipt.

31.     Plaintiff was paid without an overtime premium for hours worked in excess of forty (40) per week.

32.     Plaintiff did not receive tips in connection with her employment.

33.     In or around February 2016, Plaintiff, Bernabe Astudillo, was hired by Defendants to work as a counterperson and general helper.

34.     Plaintiff Bernabe Astudillo was continuously employed by Defendants between February 2016, through December 2018.

35.     Plaintiff Bernabe Astudillo's regular schedule was Mondays through Saturdays, 8:00 a.m. through 6:00 p.m. Plaintiff worked approximately sixty (60) hours

per week. During the last two (2) months of his employment, Plaintiff Bernabe Astudillo worked five (5) days per week, for a total of fifty (50) hours per week.

36.     During his employment, Plaintiff was paid $700.00 per week, an hourly wage of $17.50 per hour for forty (40) hours, with no compensation for her overtime hours; He was paid weekly, by cash, without a wage statement or other receipt.

37.     When plaintiff worked five (5) days during the last few months of his employment, his compensation was reduced to $600.00 per week.

38.     Plaintiff was paid without an overtime premium for hours worked in excess of forty (40) per week.

39.     Plaintiff did not receive tips in connection with his employment.

40.     Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage for all hours worked, to the Plaintiffs.

41.     Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

42.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiffs, when their shift exceeded ten (10) hours.

43.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

44.     Plaintiff did not punch a time clock, and were not paid hourly.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

45.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

48.     Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

49.     Plaintiffs worked hours for which they were not paid any wages.

50.     Plaintiffs, were entitled to be paid at the rate of time and one-half the statutory minimum, or where higher, their regular rate, for all hours worked in excess of the maximum hours provided for in the FLSA.

51.     Defendants failed to pay Plaintiffs, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

52.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

53.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

54.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

55.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff in the possession and custody of the Defendants is, upon information and belief, false or inaccurate.

56.     Defendants failed to properly disclose or apprise Plaintiffs, of their rights under the FLSA.

57.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

58.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

59.     Plaintiffs are entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## [Violation of the New York Labor Law]

60.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

62.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked, and minimum wages in the lawful amount for hours worked.

63.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or their regular hourly rate where higher than the statutory minimum , for each hour worked in excess of forty (40) hours in a workweek.

64.     Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked a spread of greater than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

65.     Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

### COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

66.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "65" of this Complaint as if fully set forth herein.

67.     Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employee worked, in order to avoid paying for her full hours worked; and, any overtime due.

68.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

69.     Plaintiffs were not provided with a proper, written wage notice, as required by law.

70.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

71.     Plaintiffs were not provided with a wage statement as required by law.

72.     Defendant's failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the

violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

73.     Defendant's failure to provide a weekly wage statement entitles each plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

74.     Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Cecil Celia Astudillo and Bernabe Astudillo, respectfully request that this Court grant the following relief:

(a)     An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)     An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime

compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       May 2, 2019

                                        Respectfully submitted,

By:     _____

                                        Peter H. Cooper  (PHC 4714)

                                        CILENTI & COOPER, PLLC
                                        **Attorneys for Plaintiffs**
                                        708 Third Avenue – 6th Floor
                                        New York, NY 10017
                                        Telephone  (212) 209-3933
                                        Facsimile (212) 209-7102
                                        E-mail: pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
## LIABILITY FOR SERVICES RENDERED

To:     Florentino Ortega

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Cecil Cecilia Astudillo and Bernabe Astudillo intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Fusion Juice Bar Inc., and Fusion Bar 3 Inc., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
        May 2, 2019

Respectfully submitted,

By:     _____
            Peter H. Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

14

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Cecil C. Astudillo_ , am an employee currently or formerly employed by _Fusion Juice Bar_ , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York

_March 10_ , 2019

_Cecil Astudillo_

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Astudillo Bernabe_ , am an employee currently or

formerly employed by _Fusion Juice Bar_ , and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_March 24_ , 2019