UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
CECIL CELIA ASTUDILLO, et al.,

                            Plaintiff,

                                                            **REPORT AND**
            -against-                                       **RECOMMENDATION**
                                                            19 CV 2590 (ERK) (CLP)
FUSION JUICE BAR INC., et al.,

                            Defendant.
--------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

  Plaintiffs Cecil Celia Astudillo and Bernabe Astudillo ("plaintiffs") brought this action to

recover unpaid and minimum wages, unpaid overtime compensation, liquidated damages

prejudgment and post-judgment interest, and attorney's fees and costs from their former places

of employment, Fusion Juice Bar Inc. and Fusion Bar 3 Inc., and the owner and manager of those

businesses, Florentino Ortega (collectively "defendants"), for violations of the Fair Labor

Standards Act and the New York Labor Law.

  Plaintiffs now seek the entry of default judgment against the defendants given their

failure to defend against this action.  For the reasons set forth below, it is respectfully

recommended that the District Court grant plaintiffs' motion and enter default judgement against

defendants.

<u>BACKGROUND</u>

  On May 2, 2019, plaintiffs filed a complaint against defendants, alleging entitlement to

relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, 206(a), 207(a), 211(c), 215(a),

216(b), the New York Labor Law §§ 2, 195, 198, 663, 651, and the Compilation of Codes, Rules

and Regulations of the State of New York, Title 12 §§ 137-1.7, 142-2.4. (Compl.[1] at 1-2). On

May 17, 2019, plaintiffs served defendants with summons and the complaint. (See Affs. of

Service, ECF Nos. 5, 6, and 7). Defendants retained counsel and, on July 22, 2019, collectively

filed an answer. (See generally Defs. Answer, ECF No. 12).

On January 8, 2021, defendants' counsel filed a motion to withdraw and supplied a

certificate of service indicating that, prior to filing the motion, counsel had served defendants

with it. (See Stephen Hans, Mot. to Withdraw, ECF No. 17). On March 16, 2021, the Court

granted counsel's motion to withdraw and instructed defendants to retain new counsel within 30

days. (March 16, 2021 Order, ECF No. 19). The Court scheduled a conference for April 22,

2021 and Ordered defendants to appear with counsel. (Id.) On April 22, 2021, however,

defendants failed to appear for the scheduled conference and no new notices of appearance had

been filed.

On May 20, 2021, given defendants' continued failure to comply with the Court's March

16, 2021 Order, the Court again Ordered defendants to obtain new counsel. (May 20, 2021

Status Report and Order, ECF No. 20). The Court also warned defendants that, if no new notices

of appearance were filed by June 18, 2021, the Court would recommend that the District Court

enter default judgment. (Id.)

On June 18, 2021, plaintiffs submitted a Status Report indicating that defendants still had

not retained counsel and no new notices of appearance had been filed. (June 18, 2021 Status

Report, ECF No. 24). Plaintiffs therefore requested that the Court enforce its May 20, 2021

Order and issue a recommendation that default judgment enter against the defendants. (Id.)

---

[1] "Compl." refer to plaintiffs' Complaint, ECF No. 1.

DISCUSSION

Courts are endowed with the discretion to enter default judgment against a party for failure to "plead or otherwise defend" a case. Fed. R. Civ. P. 55(a). Here, the defendants have failed to appear for a court-ordered conference and have not responded to two Court Orders, squandering judicial resources and plaintiffs' time and money.

Accordingly, given defendants' absence from this matter, the numerous chances that the Court has provided for defendants to obtain counsel, the delay caused by defendants' lack of response, and the fact that two of the defendants are corporations, and thus cannot proceed without attorney representation, see Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation, Pension & Welfare Funds v. Tri-State Acoustics Corp., No. 13 CV 05558, 2014 WL 4537481, at *5 (E.D.N.Y. Sept. 11, 2014) (observing that it is well settled that "a corporation cannot proceed *pro se* in federal court."); see also Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) (*per curiam*), the Court respectfully recommends that the Clerk of the Court enter default against defendants, that plaintiffs be authorized to file for default judgment and to submit competent evidence of the damages that they have suffered, and that the District Court enter default judgment against defendants.

Any objection to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F. 3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . report [and recommendation] operates as a waiver of any further judicial review of the

3

magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

Counsel for plaintiffs is Ordered to serve a copy of this Report and Recommendation on all defendants and file an affidavit of service with the Court without delay.

**SO ORDERED.**

Dated: Brooklyn, New York
       September 21, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York

4