```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 CECIL CELIA ASTUDILLO and BERNABE
 ASTUDILLO,
                                           MEMORANDUM & ORDER
                    Plaintiffs,            19-CV-2590(EK)(CLP)


              -against-


 FUSION JUICE BAR INC., FUSION BAR 3
 INC., and FLORENTINO ORTEGA,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

The Court has received Magistrate Judge Pollak's Report and Recommendations ("R&R") dated March 23, 2023. ECF No. 45. Judge Pollak recommends that I grant default judgment against defendants Fusion Juice Bar Inc., Fusion Bar 3 Inc., and Florentino Ortega, and award plaintiffs Cecil Celia Astudillo ("C. Astudillo") and Bernabe Astudillo ("B. Astudillo") unpaid minimum wages and overtime pay, liquidated damages under the New York Labor Law (NYLL), pre-judgment interest, attorney's fees and costs, and post-judgment interest. Judge Pollak also recommends that no award issue for any amount of spread-of-hours pay or for violations of New York's Wage Theft Prevention Act (WTPA). No party has filed objections, and the time to do so has expired. Accordingly, the Court reviews Judge Pollak's recommendations for clear error on the face of the record. *See*

1

Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *accord State Farm Mut. Auto. Ins. Co. v. Grafman*, 968 F. Supp. 2d 480, 481 (E.D.N.Y. 2013).

Having reviewed the record, I find no clear error and therefore adopt the R&R in its entirety. Because the R&R does not recommend any award for the WTPA claims, the plaintiffs' standing as to those claims is not at issue. *Cf. Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 64 (2d Cir. 2012) ("It is well established that a plaintiff must demonstrate standing for each claim she seeks to press."); *Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) (plaintiff lacked standing to bring claims based on defendants' failure to provide NYLL statutory wage notices or statements); *see also* R&R 29 n.24 (declining to reach the standing question).[1]

Thus, I grant the motion for default judgment and order that the plaintiffs be awarded: (1) $13,035 to C. Astudillo and $76,215 to B. Astudillo, representing unpaid minimum wages and overtime pay; (2) $13,035 to C. Astudillo and $76,215 to B. Astudillo in liquidated damages under the NYLL; (3) $3.21 per day to C. Astudillo in prejudgment interest from her midpoint date August 18, 2018 until the date of judgment,

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

and $18.79 per day to plaintiff B. Astudillo in prejudgment interest from his midpoint date of July 7, 2017 until the date of judgment; (4) $17,775 in attorney's fees and $563.00 in costs; and (5) post-judgment interest, calculated pursuant to 28 U.S.C. § 1961.

    SO ORDERED.

                                       /s/ Eric Komitee
                                       ERIC KOMITEE
                                       United States District Judge

Dated:    August 23, 2023
           Brooklyn, New York